
RECEIVED
IN LAKE CHARLES, LA

DEC 2 0 2006
 pam
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROLYN LEE GREEN | : | DOCKET NO. 2:06 CV 1018 |
| VS. | : | JUDGE MINALDI |
| LA. DEPT. OF PUBLIC SAFETY AND CORRECTIONS, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion for Partial Dismissal [doc. 11] filed by defendants Louisiana Department of Public Safety and Corrections (DPSC), Assistant Warden Roy Williams, Lt. Col. John Smith, Warden James Rogers, and Captain Denis Cloud. The motion is opposed by the plaintiff [doc. 29].

## FACTS

The plaintiff's claims arise from the death of her son, Oliver J. Green, who was at the time of his death in the custody of the DPSC. The plaintiff's petition makes the following allegations. Oliver Green was in the custody of the DPSC from approximately 1999 until his death on February 26, 2004.[1] During that period, the decedent was placed in several correctional facilities, including: C. Paul Phelps Correctional Center (CPPCC), from approximately October 2003 to February 2, 2004; Allen Correctional Center (ALC), from approximately February 2, 2004 to February 12, 2004;

---

[1] First Amended and Supplemental Petition ¶ 13 [doc. 2].

and Elayn Hunt Correctional Center (EHCC), from approximately February 12, 2004 until his death.[2]

The plaintiff further alleges that during the period of her son's incarceration, corrections personnel[3] intentionally deprived him of basic necessities and used excessive force against him in violation of his constitutional rights.[4] As a result of this abuse, Oliver Green allegedly developed lung disease which, combined with inadequate medical treatment, resulted in his untimely death.[5]

The plaintiff therefore asserts a variety of claims against an extensive list of defendants under 42 U.S.C. § 1983 and state tort law.

### RULE 12(b)(6) STANDARD

Rule 12(b) states, "[I]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The movers did not introduce matters outside the pleadings in this case, therefore the court will consider this a Rule 12(b) motion.

On a Rule 12(b)(6) motion, the court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

---

[2] *Id.* at ¶¶ 16-20.

[3] Collectively referred to in the plaintiff's First Amended and Supplemental Petition as "Corrections Defendants" and consisting of some 45 individually named defendants.

[4] *See* First Amended and Supplemental Petition ¶ 22.

[5] *See, e.g., id.* at ¶¶ 13-25, 45-57.

2

113 S.Ct. 1160, 1161 (1993). The motion will be denied if the allegations support relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994). The court will "bend over backwards to avoid granting a 12(b) motion to dismiss." *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 673 (5th Cir. 1993).

"[T]he district court's inquiry typically is directed simply to the question whether the allegations constitute a statement of a claim for relief under Rule 8(a)." 5B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 1998); *Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163. All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957)) (internal quotations omitted).

There is no requirement that the plaintiff "set out in detail the facts upon which she bases her claim." *Id.* General factual allegations are sufficient and the court "will presume that general allegations embrace those specific facts that are necessary to support the claim." *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137 (1992)). However, conclusory allegations concerning the legal effect of the events alleged do not have to be accepted by the court. WRIGHT, MILLER & COOPER, *supra* at § 1357.

3

## ANALYSIS

### A. Res Judicata

As a threshold issue, the court must first address whether plaintiff's claims are barred by res judicata. Indeed, an action premised upon the same factual allegations was filed in this court in February 2005, bearing Docket Number 05-371. That action was consolidated with another, virtually identical suit which was filed in state court, removed to the Middle District, and transferred to this court.[6] The consolidated cases came before Judge Trimble on defendants' motion to dismiss. Prior to hearing the motion, the transferred case was dismissed on the grounds that it was identical to the case originally filed in this court.

By judgment dated December 2, 2005, Judge Trimble dismissed Carolyn Lee Green's claims against Warden Cornel Hubert, the Corrections Defendants in their official capacity, the State of Louisiana, through the DPSC, and the Medical Defendants.[7] Because the federal claims were dismissed, Magistrate Judge Wilson ordered the plaintiff to amend her complaint in order to establish diversity jurisdiction.[8] The plaintiff failed to timely amend the complaint and the suit was dismissed without prejudice.[9]

The petition filed in the instant matter is an attempt to correct the deficiencies of the

---

[6] *Green v. La. Dept. of Pub. Safety & Corrections*, No. 05-826.

[7] December 2, 2005 Judgment [doc. 29], *Green v. La. Dept. of Pub. Safety & Corrections*, No. 05-371. All claims by Robert Leon Green, co-plaintiff and the decedent's brother, were also dismissed.

[8] Dec. 8, 2005 Minute Entry [doc. 31], *supra* note 7.

[9] Jan. 3, 2006 Judgment [doc. 33], *supra* note 7.

4

complaint filed in the earlier, dismissed action. In fact, the plaintiff argues that "[t]he more particular facts alleged in the Supplemental and Amended Complaint would have defeated the motion to dismiss in the earlier proceedings."[10] The plaintiff also argues that res judicata is inapplicable both where the earlier dismissal was not on the merits and where the party "was unable to present their case."[11]

However, the cases cited by the plaintiff in support of these arguments are distinguishable from the case at bar. For instance, *San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 125 S.Ct. 2491 (2005), concerns the preclusive effect of state court adjudications on subsequent federal litigation in the context of takings claims. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411 (1980), deals with collateral estoppel, not res judicata.

Moreover, the plaintiff's argument that the dismissal of her earlier claims was not on the merits ignores both Rule 41(b) and settled jurisprudence to the contrary. In cases of involuntary dismissal, Rule 41(b) states:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. FED.R.CIV.P. 41(b).

Additionally, it is well settled that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dept. Stores v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3 (1981) (citing *Angel v. Bullington*, 330 U.S. 183, 190, 67 S.Ct.

---

[10] Plaintiff's Opposition 21 [doc. 23].

[11] *Id.*

657, 661 (1947); *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773 (1946)); *see also* WRIGHT, MILLER & COOPER, *supra* at § 4439 ("Dismissal for insufficient pleading now precludes a second action on an improved complaint.").

Thus, the requirements of res judicata have been satisfied: the earlier judgment of dismissal concerned the same cause of action and parties and was valid, final, and on the merits. *See, e.g., Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc); *Medina v. I.N.S.* 993 F.2d 499, 503-504 (5th Cir. 1993). The earlier judgment therefore precludes relitigation of claims against the Corrections Defendants in their official capacity, the State of Louisiana, through the DPSC arising under § 1983, and the Medical Defendants.[12]

### B. Remaining Claims

The plaintiff's petition is extensive and a number of claims remain for consideration. Remaining are the plaintiff's state tort claims against the Corrections Defendants; the Chemical Defendants; the DPSC; GEO Group, Inc. ("GEO"); and the Warden Defendants. Also remaining are § 1983 claims against the Warden Defendants and the Corrections Defendants in their personal capacity. Additionally, the plaintiff joined several "Unknown Persons."

*State Law Claims Against the Corrections Defendants*

The claims against the Corrections Defendants sound in both negligence and intentional tort

---

[12] The Medical Defendants are subdivided in the current First Amended and Supplemental Petition into: Physician Defendants, Nursing Defendants, EMT Defendants, and Counseling Defendants. The court also notes that Judge Trimble's ruling and judgment refer to "Medical Defendants at the EHCC and CPPCC." The reasons for the dismissal of these defendants, however, apply equally as well to the Medical Defendants practicing at ALC, as named in the instant petition.

pursuant to Louisiana Civil Code article 2315, *et seq.*

There are five essential elements of a negligence claim under Louisiana's duty-risk analysis: (1) that the defendant's conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (2) that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) that the defendant had a duty to conform his conduct to a specific standard (the duty element); (4) that the defendant's conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) that the plaintiff suffered actual damages (the damages element). *See, e.g., Goins v. Wal-Mart Stores, Inc.*, 800 So.2d 783, 788 (La. 2001) (citing *Perkins v. Entergy Corp.*, 782 So.2d 606, 611 (La. 2001)).

An intentional tort requires the plaintiff to show that the tortfeasor "either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Bazley v. Tortorich*, 397 So.2d 475, 481 (La. 1981). The other requisite elements of an intentional tort depend upon which specific intentional tort is alleged.

As noted above, in a Rule 12(b)(6) motion, the court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a). Viewing the plaintiff's petition in the light most favorable to the plaintiff, the court finds that the plaintiff has made sufficient allegations to establish claims for intentional and negligent torts under Louisiana law and in light of Rule 8(a).

However, in order to more fully serve the purpose of notice pleading, the court will order the

plaintiff to plead with greater particularity as to which defendants committed which acts.[13] The plaintiff is reminded that Rule 8 demands "a *short* and *plain* statement of the claim" and that "[e]ach averment of a pleading shall be *simple, concise,* and *direct.*" FED.R.CIV.P. 8(a), (e)(1) (emphasis added).

## State Law Claims Against the Chemical Defendants

With regard to the Chemical Defendants, the Louisiana Products Liability Act (LPLA) is the exclusive theory of recovery for plaintiffs against manufacturers for damages caused by their products. LA. REV. STAT. 9:2800.54. Under the LPLA, a manufacturer is liable for damage "proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product...." LA. REV. STAT. 9:2800.54.

The plaintiff alleges that the Corrections Defendants repeatedly used Freeze +P against Oliver Green.[14] The plaintiff further alleges that "[a]t the time Freeze +P left Aerko's control, Aerko knew or should have known that the frequent use of Freeze +P against the same person was detrimental [to] said person's health."[15] The petition also states, "As a result of the Chemical Defendants producing an unreasonably dangerous chemical product[], the decedent developed lung

---

[13] "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (citing *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 991).

[14] First Amended and Supplemental Petition ¶ 29.

[15] *Id.* at ¶ 31.

8

disease that ultimately resulted in his death on or about February 26, 2004."

Such allegations are sufficient to establish claims under the LPLA.

### *State Law Claims Against the DPSC, GEO, and the Warden Defendants*

The plaintiff alleges that the DPSC, GEO, and the Warden Defendants are vicariously liable for the damages caused by the Corrections Defendants. Louisiana Civil Code art. 2320 states, "Masters and employers are answerable for the damage occasioned by their servants and over-seers, in the exercise of the functions in which they are employed." LA. CIV. CODE ART. 2320. Neither the state nor its agencies are immune from suit in tort. LA. CONST. ART. XII, § 10. However, the State of Louisiana's liability for the acts of its employees is limited by statute, such that the state is not vicariously liable for the acts of certain enumerated employees. LA. REV. STAT. 42:1441.1-1441.2.[16]

Neither the DPSC, GEO, nor the Warden Defendants are statutorily immune from vicarious liability arising from the acts of the Corrections Defendants. The plaintiff has therefore alleged sufficient facts to establish claims for the vicarious liability of the DPSC, GEO, and the Warden Defendants.

However, the court notes that an employer is generally not liable for torts committed by independent contractors or their employees. *See Blanchard v. Ogima*, 215 So. 2d 902 (La. 1968). Moreover, "[a]n employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance

---

[16] La. R.S. 42:1441.1 refers the reader to 13:5108.2(A) for a list of public officials covered by the statute. However, La. R.S. 13:5108.2 was repealed in 2000. As such, the court presumes that 13:5108.1(E) supplies the list of public officers covered by 42:1441.1.

9

of his employer's objective." *Baumeister v. Plunkett*, 673 So.2d 994, 996 (La. 1996) (internal citations and quotations omitted). Accordingly, the plaintiff will be required to establish the appropriate employer-employee or master-servant relationship in order to survive summary judgment on the issue of vicarious liability.

Furthermore, with respect to the DPSC and the Warden Defendants, the plaintiff asserts claims for the negligent training and supervision of the Corrections Defendants. Such claims are "governed by the same duty-risk analysis used for all negligence cases in Louisiana." *Bourgeois v. Allstate Ins. Co.*, 820 So.2d 1132, 1135 (La.App. 5th Cir. 2002). The instant petition sufficiently states claims for negligent training and supervision.

## *§ 1983 Claims Against the Warden Defendants and the Corrections Defendants in their Personal Capacity*

"To state a claim under 42 U.S.C. § 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." *Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 252-253 (5th Cir. 2005). There is, however, no respondeat superior liability under § 1983. *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation. *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (citations and internal quotations omitted).

The plaintiff alleges that the Warden Defendants "encouraged," "tolerated," and "enforced"

the use of excessive force.[17] The plaintiff also alleges that the Warden Defendants "permitted and tolerated a pattern and practice of deliberate disregard for the health care needs of prisoners."[18] The deliberate disregard of Oliver Green's healthcare needs is alleged to be one of the proximate causes of his death.[19] Such allegations are sufficient to state a claim for relief under § 1983.

With regard to the Corrections Defendants, the plaintiff alleges:

> The Corrections Defendants acted with actual malice toward Decedent and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Decedent. The Corrections Defendants' actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.[20]

The above statement consists of "legal conclusions masquerading as factual conclusions" and "will not suffice to prevent a motion to dismiss." *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). However, the court will grant the plaintiff leave to plead with greater particularity as to the § 1983 claims against the Corrections Defendants.[21]

*Claims Against Unknown Defendants*

While the Federal Rules of Civil Procedure do not explicitly provide for the use of fictitious defendants, such a practice is neither barred by the Rules nor prohibited under the law of this circuit. All claims against the Unknown Chemical Defendants, Unknown Persons in DeQuincy, Unknown

---

[17] First Amended and Supplemental Petition ¶ 72-73.

[18] *Id.* at ¶ 80.

[19] *Id.* at ¶ 84.

[20] *Id.* at ¶ 66.

[21] See note 13, *supra*.

Persons in Kinder, and Unknown Persons in St. Gabriel will therefore remain pending.

### C. Statute of Limitations

On its own motion, the court now raises the issue of prescription. In a § 1983 action, the court applies the forum state's personal injury statute of limitations and related tolling principles. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir.1993). In Louisiana, personal injury actions are subject to a one-year prescriptive period. LA. CIV. CODE ART. 3492. Prescription is interrupted when the plaintiff files suit in a court of competent jurisdiction and venue. LA. CIV. CODE ART. 3462. However, "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time...or fails to prosecute the suit at the trial." LA. CIV. CODE ART. 3462.

Abandonment of suit occurs "when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." LA. CODE CIV. PROC. ART. 561. A plaintiff voluntarily dismisses a suit when, upon his own application, the court dismisses the suit without prejudice. LA. CODE CIV. PROC. ART. 1671. The definition of "failure to prosecute," however, is slightly less clear. The few cases which discuss this point seem to suggest that a plaintiff fails to prosecute a suit when she does not appear for trial after receiving proper notice. *See McCallon v. Travelers Ins. Co.*, 302 So.2d 676 (La.App. 3d Cir. 1974).

In the prior suit on this matter, Magistrate Judge Wilson, after the court dismissed the federal claims, granted leave to amend the petition in order to establish diversity jurisdiction.[22] After failing to amend the petition within the time set forth, the magistrate dismissed Carolyn Green's suit without

---

[22] Dec. 8, 2005 Minute Entry [doc. 31], *supra* note 7.

12

prejudice.[23] If indeed the plaintiff's failure to amend and the subsequent dismissal amounted to a cancellation of the interruption of prescription, the court is under the belief that the plaintiff's current action may be time-barred.

Accordingly, the parties will be ordered to file briefs on the issue of prescription, specifically addressing interruption.

## CONCLUSION

Based upon the foregoing, the Motion to Dismiss will be granted in part, and denied in part. Specifically, (1) all claims against the Corrections Defendants in their official capacity, the State of Louisiana, through the DPSC arising under § 1983, and the Medical Defendants will be dismissed; (2) claims against the Corrections Defendants arising under state law will remain pending, provided that the plaintiff's petition is amended in accordance with this ruling; (3) claims against the Chemical Defendants arising under the LPLA will remain pending, subject to compliance with the this ruling concerning the Unknown Chemical Defendants; (4) state law claims against the DPSC, GEO, and the Warden Defendants will remain pending; (5) § 1983 claims against the Warden Defendants will remain pending; (6) § 1983 claims against the Corrections Defendants will remain pending, provided that the plaintiff's petition is amended in accordance with this ruling; and (7) claims against Unknown Chemical Defendants, Unknown Persons in DeQuincy, Unknown Persons in Kinder, and Unknown Persons in St. Gabriel will remain pending. Otherwise, the motion will be denied.

Furthermore, upon the court's belief that the instant action may be prescribed, the parties will be ordered to file briefs on the issue of prescription.

---

[23] Jan. 3, 2006 Judgment [doc. 33], *supra* note 7.

13

Lake Charles, Louisiana, this 18 day of December, 2006.

                                      PATRICIA MINALDI
                                      UNITED STATES DISTRICT JUDGE