RECEIVED
IN LAKE CHARLES, LA

JUN 21 2007
PAM
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAROLYN LEE GREEN | : | DOCKET NO. 2:06 CV 1018 |
| VS. | : | JUDGE MINALDI |
| LA. DEPT. OF PUBLIC SAFETY AND CORRECTIONS, ET AL. | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the court is a *sua sponte* motion to dismiss the complaint on the grounds of prescription. The court raised the issue in the December 18, 2006 Memorandum Ruling [doc. 34] and the parties were granted leave to file briefs. The issue of prescription having been fully briefed, the court will now determine whether plaintiff Carolyn Lee Green's claims are prescribed.

### FACTS

The underlying facts of this case are set out in prior opinions of the court and will not be repeated here. A brief discussion of the procedural background, however, will provide the relevant context for the instant motion.

The death of the plaintiff's son, which forms the basis of the instant lawsuit, occurred on February 26, 2004. The plaintiff first filed suit in the Western District of Louisiana on February 24, 2005.[1] Suit was also filed in the 18th Judicial District Court for the Parish of West Baton Rouge on February 25, 2005. The state action was eventually removed to the Middle District of Louisiana,

---

[1] Civil Action No. 05-371.

then transferred to the Western District, where it was consolidated with the suit filed on February 24 and dismissed as duplicative.

The suit originally filed in this court (No. 05-371) came before Judge Trimble on the defendants' motion to dismiss. Judge Trimble dismissed the federal claims. The magistrate then ordered the plaintiff to amend her complaint to allege diversity jurisdiction within 11 days. The plaintiff failed to amend and the suit was dismissed without prejudice for lack of jurisdiction on January 3, 2006.

The instant action was filed on January 23, 2006 and sues upon the same allegations as the earlier suits.

## ANALYSIS

"[A] complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). A district court may dismiss a complaint on its own for failure to state a claim, as long as the parties are given notice and opportunity to respond. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006).

In a § 1983 action, the court applies the forum state's personal injury statute of limitations and related tolling principles. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir.1993). In Louisiana, personal injury actions are subject to a one-year prescriptive period. LA. CIV. CODE ART. 3492. Prescription is interrupted when the plaintiff files suit in a court of competent jurisdiction and venue. LA. CIV. CODE ART. 3462. However, "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time...or fails to prosecute the suit at the trial." LA. CIV. CODE ART. 3463.

2

Abandonment of suit occurs "when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." LA. CODE CIV. PROC. ART. 561. A plaintiff voluntarily dismisses a suit when, upon his own application, the court dismisses the suit without prejudice. LA. CODE CIV. PROC. ART. 1671. However, as noted in the court's prior ruling, the definition of "failure to prosecute" is somewhat unclear. The few cases which discuss this point seem to suggest that a plaintiff fails to prosecute a suit when she does not appear for trial after receiving proper notice. *See McCallon v. Travelers Ins. Co.*, 302 So.2d 676 (La.App. 3d Cir. 1974).

The instant plaintiff neither abandoned nor voluntarily dismissed her earlier lawsuits. Thus, the question before the court is whether the dismissal of Civil Action No. 05-371 resulted from the plaintiff's failure to prosecute?

In support of the position that the involuntary dismissal of No. 05-371 amounted to a failure to prosecute and nullified the interruption of prescription, the defendants cite *Hilbun v. Goldberg*, 823 F.2d 881 (5th Cir. 1987), and *Owens v. Weingarten's Inc.*, 442 F.Supp. 497 (W.D.La. 1977). These cases are distinguishable from the case at bar.

In *Hilbun*, the plaintiff's first suit was dismissed without prejudice for failure to prosecute pursuant to Fed.R.Civ.P. Rule 41(b). 823 F.2d at 882-83. Over one year after the event sued upon, the plaintiff filed a second lawsuit. *Id.* at 883. The Fifth Circuit found that dismissal under Rule 41(b) was analogous to abandonment under Louisiana procedure and held that the plaintiff's claim had prescribed. *Id.* at 884 ("If, however, Louisiana courts had the broad procedural power given federal courts, we believe that exercise of this power would lead to the same consequences as an abandonment under Article 3463... .").

Similarly, in *Owens*, the court dismissed the plaintiff's prior lawsuit for failure to prosecute.

3

442 F.Supp. at 498. The plaintiff filed a second lawsuit against the same defendants and upon the same cause of action. *Id.* The court held that the plaintiff's claims had prescribed because "when the action is dismissed without prejudice because of plaintiff's failure to prosecute, the interruption is considered as never having occurred." *Id.*

The jurisprudence clearly supports that, where there has been a Rule 41(b) dismissal for failure to prosecute, interruption of prescription will be considered never to have occurred pursuant to article 3463.[2] The instant case, however, does not involve a dismissal for failure to prosecute. Rather, Ms. Green's prior suit was dismissed *for lack of subject matter jurisdiction* after the court dismissed the federal claims and Ms. Green failed to amend her complaint to allege diversity jurisdiction. The plaintiff's failure to amend her complaint, in this instance, did not amount to a failure to prosecute.

Accordingly, the plaintiff's claims are not prescribed.

Lake Charles, Louisiana, this ____21____ day of June, 2007.

PATRICIA MINALDI<br>
UNITED STATES DISTRICT JUDGE

---

[2] Under Local Rule 41.3, a civil action may be dismissed by the clerk of court or any judge for lack of prosecution.

4